UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HERMAN K. ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:11-CV-2224-JAR |
| STATE OF MISSOURI d/b/a DEPARTMENT OF SOCIAL SERVICES, DIVISION OF YOUTH SERVICES, et al., | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [ECF No. 17] and Plaintiff's "Motion to Enter Appearance - Order to Pay" [ECF No. 22] seeking appointment of counsel. Defendant's Motion to Dismiss is fully briefed and ready for disposition. For the following reasons, both motions will be denied.

### Background

Plaintiff brings this action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C, §§ 2000e, et seq. In his pro se complaint, Plaintiff alleges he was discriminated against by Defendant on the basis of gender, race and retaliation beginning in late summer 2008 through his last day of employment on or about April 21, 2010. (Amended Complaint, ECF No. 5, ¶ 3).

### Legal Standard

The standards governing motions to dismiss are well-settled. A complaint will not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. Syndicated

Office Systems, Inc. v. Guardian Life Ins. Co. of America, 2006 WL 1520635, at *2 (E.D.Mo May 31, 2006)(citing Breedlove v. Earthgrains Banking, 140 F.3d 797, 799 (8th Cir.1998) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), a court assumes all material facts alleged in the complaint are true. Davis v. Monroe City Bd. of Educ., 526 U.S. 629, 633 (1999). A court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the complaint." McMorrow v. Little, 109 F.3d 432, 434 (8th Cir.1997); see also Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 464 (8th Cir.2002). Thus, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir.2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995).

**Discussion**

In support of its motion, Defendant argues Plaintiff's complaint must be dismissed for failure to exhaust administrative remedies. Title VII plaintiffs are required to exhaust their administrative remedies with the EEOC before bringing a formal action. Malone v. Ameren UE, 2010 WL 750075, at *1 (E.D. Mo. March 2, 2010). To exhaust administrative remedies, an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge; and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e). Stuart v. Saint-Gobain Containers, Inc., 2011 WL 6304067, at *2 (E.D. Mo. Dec. 16, 2011).

In his pro se complaint, Plaintiff alleges that he filed a charge of discrimination with the EEOC on or about January 15, 2010 and that a notice of right to sue letter was issued on September 28, 2011, which he received on or about October 3, 2011. (Id., ¶¶ 4, 5). This action was filed on December 21, 2011.

Defendant observes that although Plaintiff alleges his last day of employment was April 21, 2010, and that he timely filed charges of discrimination with the EEOC on or about January 15, 2010, the charge of discrimination attached to his complaint (Charge No. 560-2012-00543), was filed with the EEOC on December 20, 2011, 609 days after Plaintiff's employment was terminated, well beyond the 300 day time frame required by 42 U.S.C. § 2000e-5(e)(1). Brooks v. Midwest Heart Group, 655 F.3d 796, 800 (8th Cir. 2011).

In response, Plaintiff submits additional documents to the Court, including EEOC charge No. 846-2009-59848,[1] and a right to sue letter issued on September 28, 2011, attached to Plaintiff's response as Exhibits 1-4. (Doc. 23-1 at 1-5).[2] Plaintiff takes the position that an error was made by the investigator in not checking the retaliation box in charge No. 846-2009-59848. This, argues Plaintiff, necessitated the issuance of a second right to sue letter on December 20, 2011. (Plaintiff's Brief in Response to Defendant's Motion to Dismiss, ECF No. 23, p. 2-3).

Defendant replies that with respect to charge No. 846-2009-59848, Plaintiff timely filed

---

[1]As noted by Defendant, this document appears to be the charge Plaintiff referenced in his complaint.

[2]The Court may consider matters of public record, such as EEOC charges, in relation to a motion to dismiss. Blakely v. Schlumberger Tech. Corp., 648 F.3d 921, 931 (8th Cir. 2011). The documents attached to Plaintiff's response as Exhibits 4-7, consisting of personal correspondence, are not matters of public record and the Court has not considered them. Brooks, 655 F.3d at 800.

this action on December 21, 2011, within ninety days of receiving his right to sue letter, but the action is nevertheless time barred under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111.1 (2000), because it was not filed within two years of the last act of discrimination referenced in the charge, i.e., September 10, 2009. (Reply in Support of Defendant's Motion to Dismiss, ECF No. 26, p. 4).

Viewing all of the facts and inferences in the light most favorable to Plaintiff, the Court finds Plaintiff has raised a factual issue regarding the timeliness of his complaint. A claim may not be dismissed under Rule 12(b)(6) or Rule 56 where questions of material fact exist as to the timeliness of the complainant's efforts to exhaust it. Brooks, 655 F.3d at 800 (citing Jensen v. Henderson, 315 F.3d 854, 859 (8th Cir.2002); Laouini v. CLM Freight Lines, Inc., 586 F.3d 473, 475–76 (7th Cir.2009)). Thus, Defendant's motion to dismiss will be denied.

Plaintiff previously requested appointment of counsel [ECF No. 4], and the Court denied his request, finding that neither the factual nor legal issues are complex, and that Plaintiff is able to articulate and clearly present his position. [ECF No. 16]. For these reasons, the Court again finds appointment of counsel is not mandated at this time. Thus, Plaintiff's motion will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [ECF No. 17] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Enter Appearance - Order to Pay" [ECF No. 22] is **DENIED** without prejudice.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2012.

5